UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK AYERS,

    Plaintiff,

v.                                                        Case No. 6:17-cv-1265-Orl-37TBS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY; RUTH MIER GRAHAM;
GOVERNMENT EMPLOYEES
INSURANCE COMPANY; TAMMY
BOOTH; and STEVEN HERSH,

    Defendants.

## ORDER

In the instant action, Plaintiff asserts: (1) six individual state-law claims against all Defendants based on deceptive and unfair insurance practices; and (2) a putative class action breach-of-contract claim ("**Class Claim**") against Defendant State Farm Mutual Automobile Insurance Company ("**State Farm**"). (Doc. 2.) On July 11, 2017, State Farm removed the action to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act ("**CAFA**"). (Doc. 1 ("**Notice of Removal**").) Upon review of the Notice of Removal and the Complaint, the Court finds that State Farm has failed to adequately establish Plaintiff's citizenship.

CAFA provides federal district courts with original jurisdiction over class actions in which: (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds

$5 million; and (3) the proposed plaintiff class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (5), (6); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F3d. 1312, 1315 (11th Cir. 2014). In the removal context, a defendant still bears the burden of establishing federal jurisdiction under CAFA. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

In the Notice of Removal, State Farm asserts that the Class Claim satisfies CAFA's minimal diversity requirement. (Doc. 1, ¶ 13.) In support, State Farm alleges that minimal diversity is satisfied because: (1) it is a citizen of Illinois; and (2) Plaintiff is a citizen of Florida. (Doc. 1, ¶¶ 13, 17(a), (d).)

Importantly, State Farm's allegation of Plaintiff's citizenship is based "upon information and belief." (Doc. 1, ¶ 17(a).) Courts have held that allegations concerning a party's citizenship based only "on information and belief" are insufficient. *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d. 896, 901 (7th Cir. 2010); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Indeed, when alleging citizenship, Federal Rule of Civil Procedure 11 imposes a "duty of reasonable pre-complaint inquiry not satisfied by rumor or hunch." *See Bankers Trust Co.*, 959 F.2d at 683; *see also Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010).

Additionally, State Farm admits that the basis for Plaintiff's citizenship rests only on the allegation in the Complaint that Plaintiff is a resident of Orange County, Florida ("**Residence Allegation**"). (Doc. 1, ¶ 17(a); *see also* Doc. 2, ¶ 1.) But residence alone is insufficient to establish a party's citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269

(11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, the citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). While courts may consider a party's residence as part of the "totality of the evidence" indicating domicile, State Farm has submitted no additional evidence to supplement the Residence Allegation. *See Taylor v. Am. Heritage Church Fin., Inc.*, No. 6:10-cv-559-Orl-31GJK, 2010 WL 2889694, at *2 (M.D. Fla. Jul. 19, 2010) (considering payment of taxes, voter registration, driver's licenses, location of bank accounts, and membership in clubs).

Because State Farm has insufficiently established Plaintiff's citizenship, it has failed to carry its burden of invoking the Court's diversity jurisdiction under CAFA. Accordingly, on or before, Tuesday, **August 8, 2017**, Defendant State Farm Mutual Automobile Insurance Company is **DIRECTED** to file an amended notice of removal that remedies the deficiency identified in this Order. Failure to timely file will result in this action being summarily remanded without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 25, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record