UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK AYERS,

    Plaintiff,

v.                                                   Case No. 6:17-cv-1265-Orl-37TBS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY; RUTH MIER GRAHAM;
GOVERNMENT EMPLOYEES
INSURANCE COMPANY; TAMMY
BOOTH; and STEVEN HERSH,

    Defendants.

## ORDER

This cause is before the Court on Defendants State Farm Mutual Automobile Insurance Company ("**State Farm**"), Tammy Booth, and Steven Hersh's (collectively, "**Defendants**") response to the Court's November 21, 2017 Order to Show Cause. (Doc. 67.)

### I.    PROCEDURAL HISTORY

Plaintiff Frank Ayers initiated this action in state court against several defendants asserting numerous individual state-law claims and a putative nation-wide class claim. (Doc. 2.) Specifically, Plaintiff brought claims against Defendants for: (1) bad faith; (2) fraud; and (3) tortious interference (collectively, "**Individual Claims**").[1] (Doc. 2,

---

[1] Plaintiff also seeks a declaratory judgment against State Farm and Defendants Government Employees Insurance Company and Ruth Mier Graham ("**Ms. Graham**").

-1-

¶¶ 47–94.) Based on its alleged obligation to provide Plaintiff with counsel and reimbursement of fees, he also lodges a putative class action claim for breach of contract against State Farm ("**Class Claim**"). (*Id.* ¶¶ 95–116.)

Invoking the Court's diversity jurisdiction, State Farm removed the action, claiming that the Class Claim met the requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("**CAFA**"). (Doc. 31.) The Class Claim meets CAFA's jurisdictional requirements, but State Farm argues that the Court also has supplemental jurisdiction over the Individual Claims. (*See* Doc. 1, pp. 11–12.) Upon review, the Court directed Defendants to show cause why the Individual Claims should not be remanded given that they do not appear to be within the Court's supplemental jurisdiction. (Doc. 66.) As Defendants have responded, the matter is now ripe for the Court's consideration.

## II. LEGAL STANDARDS

Supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that unless:

> [E]xpressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

This section "confers supplemental jurisdiction over all state claims which arise out of a

---

(Doc. 2, ¶¶ 47–55.) Although Defendants are correct that it too is an individual claim (Doc. 67, p. 3), as discussed below, the declaratory judgment claim is qualitatively different than the other Individual Claims. *Infra* n.5.

common nucleus of operative fact with a substantial federal claim." *Parker v. Scarp Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). This occurs when "[t]hey will involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994).

### III. ANALYSIS

Defendants seek to invoke the Court's jurisdiction over the Individual Claims by arguing that: (1) CAFA provides original jurisdiction, rendering § 1367 inapplicable ("**Inapplicability Argument**"); or, alternatively, (2) the Individual Claims arise from a common nucleus of operative facts, satisfying § 1367(a) ("**Satisfaction Argument**"). (Doc. 67, pp. 2–5.)

### A. Inapplicability Argument

To begin, the Court rejects Defendants' Inapplicability Argument, which is nothing more than selective quotation from a patchwork of non-binding opinions. (Doc. 67, p. 4.) Contrary to Defendants' position, the U.S. Court of Appeals for the Eleventh Circuit has indicated in dicta that "[s]upplemental jurisdiction does have a role in CAFA cases, but only in those that also have 'state-law claims that were never subject to CAFA jurisdiction.'"[2] *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 (11th Cir. 2016) (quoting *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102

---

[2] A court may consider dicta for its persuasive value. *Drummond Co. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1326 (11th Cir. 2016); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010).

(2d Cir. 2015)). Indeed, *Wright* is directly applicable here, as the Individual Claims are not subject to CAFA jurisdiction. Following *Wright's* logic, the Court concludes that "it [is] appropriate to consider whether to grant supplemental jurisdiction over the non-class claims." *Wright*, 841 F.3d at 1273.[3]

The Court's conclusion is fortified by the overriding purpose of CAFA. While no model of legislative clarity, at its core, CAFA was intended to rectify the abuses in the current class action system—namely, the purposeful evasion of federal diversity jurisdiction. S. REP. NO. 109-14, at 11–12, 27 (2005).[4] So the Senate Judiciary Committee drafted "a narrowly-tailored expansion of federal diversity jurisdiction to ensure that class actions that are truly interstate in character can be heard in federal court." *Id.* at 27; *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 554 (2014) (noting that Congress "enacted [CAFA] to facilitate adjudication of certain class actions in federal court"). The purpose of CAFA was not to alter or abrogate the exercise of supplemental jurisdiction to class actions under § 1332(d)(2), and nothing in CAFA's legislative history remotely suggests otherwise.

---

[3] Whether by design or inadvertence, Defendants failed to discuss or cite *Wright* in their response. (*See* Doc. 67.) Although not controlling, *Wright* is clearly relevant and, in the Court's view, persuasive.

[4] "[T]he authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill, which represent the considered and collective understanding of [those Members of Congress] involved in drafting and studying proposed legislation." *Garcia v. United States*, 469 U.S. 70, 76 (1984) (internal quotations omitted). CAFA was not referred to committee by the House. *See* 151 Cong. Rec. H723-01, H736 (statement of Rep. Watt) (noting that the bill had not been referred to the House Judiciary Committee). Instead, after the Senate passed CAFA, the bill was referred to the House floor for a vote. *See* H.R. 96, 109th Cong. (2005). Hence there is no accompanying House committee report.

Nevertheless, Defendants peddle an argument seeking § 1367's preclusion simply because they have invoked CAFA. (Doc. 67, pp. 4–5.) But this argument has neither weight nor wings. Indeed, to saddle the Court with tag-along, state-law claims that impact a single plaintiff runs contrary to CAFA's purpose of providing a federal forum for "interstate cases of national importance." Class Action Fairness Act, § 2(b), Pub. L. No. 109-2, 119 Stat. 4.

In addition, where Congress intends to preclude application of § 1367, it says so. For instance, CAFA's "mass action" provision limits the application of supplemental jurisdiction to claims which exceed the amount in controversy of $75,000. *See* 28 U.S.C. § 1332(d)(11)(B)(i); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1206 n.51 (11th Cir. 2007) (noting that CAFA's mass action provision is "the very sort of explicit statutory exception from supplemental jurisdiction that § 1367(a) contemplates"). No such language appears in § 1332(d)(2), which Defendants have invoked here. Thus, the absence of such text, combined with CAFA's legislative history, leads the Court to conclude that § 1367 applies.

**B.      Satisfaction Argument**

Because § 1367(a) applies in the CAFA context, the Court turns to apply it. Defendants posit that the Individual Claims arise out of a common nucleus of operative fact with the Class Claim by citing these common threads: (1) State Farm's insurance policy; (2) the auto accident between Plaintiff and Ms. Graham; and (3) State Farm's handling of Ms. Graham's claims. (Doc. 67, pp. 2, 3.) With this, Defendants conclude that all claims are so related as to form the same case or controversy under § 1367(a). (*Id.* at 3.)

The Court disagrees.

Here, the Individual Claims will not require the same witnesses, presentation of the same evidence, nor determination of similar facts as the Class Claim. *See Palmer*, 22 F.3d at 1563–64. As Defendants admit, and the Court has previously explained (*see* Doc. 66), to prove the Individual Claims, the Court need not resolve the policy interpretation issue of the Class Claim.[5] Instead, the evidence needed to prove the Individual Claims concerns Defendants' handling of Ms. Graham's bodily injury claim and Plaintiff's request for information about such claim. (*Compare* Doc. 2, ¶¶ 76, 83, 85, 86 *with id.* ¶¶ 107, 109.) Sure, all claims may minimally overlap, but that alone does not satisfy § 1367(a). So the Individual Claims do not arise out of common nucleus of operative fact with the Class Claim, and the Court does not have supplemental jurisdiction over the Individual Claims.

Lastly, the Court needs no reminder of its "virtually unflagging obligation" to exercise jurisdiction where conferred, but that obligation hinges on the presence of proper jurisdiction in the first instance. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Based on the foregoing, the Individual Claims are due to be severed and remanded. *See* Fed. R. Civ. P. 21 (setting forth the Court's authority to sever any claim against a party);

---

[5] Notably, Plaintiff's claim for declaratory judgment requires the Court to interpret several of the same policy provisions as the Class Claim. So, to the extent the declaratory judgment claim turns on the coverage issue necessary to resolve the Class Claim, the Court retains supplemental jurisdiction over it. *See Palmer*, 22 F.3d at 1563–64.

*see also* 28 U.S.C. § 1447(c) (requiring remand where a court lacks subject matter jurisdiction).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's November 21, 2017 Show Cause Order (Doc. 66) is **DISCHARGED**.

2. The claims set forth in Counts II–VI of the Complaint (Doc. 2, ¶¶ 56–94) are **SEVERED** and **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

3. The Clerk is **DIRECTED** to: (a) terminate Tammy Booth and Steven Hersh as parties; and (b) terminate the pending motion at Doc. 34.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 21, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
The Circuit Court of the Ninth Judicial Circuit
 in and for Orange County, Florida