UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK AYERS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, RUTH MIER
GRAHAM and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.

Case No: 6:17-cv-1265-Orl-37TBS

## ORDER

Pending before the Court is Defendant State Farm Mutual Automobile Company's Motion for Attorneys' Fees (Doc. 77) associated with its prior motion for protective order (Doc. 68). In granting the motion for protective order, the Court determined that State Farm was entitled to its reasonable expenses incurred in making the motion, including attorneys' fees (Doc. 73 at 5-6). Now, State Farm seeks an award of $6,352 in fees based upon 18.9 total hours expended by three attorneys, at rates ranging from $270 to $550 per hour. Plaintiff opposes this amount, and argues that a reasonable fee is $962.50 for 3.5 hours expended at an average rate of $275 hour (Doc. 78). On review, the motion for fees is **GRANTED, in part,** and State Farm shall recover a reasonable fee of $3,347.50.

Standards of Law

The Court employs the customary lodestar approach as the first step in calculating a reasonable fee for the services of State Farm's attorneys. Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); FTC v. Life Mngm't Servs., Case No. 6:16-cv-982-Orl-41TBS, 2016 WL

7013517, at *2 (M.D. Fla. Oct. 14, 2016). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Henns v. Mony Life Ins. Co. of Am., Case No. 5:11-cv-55-Oc-37TBS, 2012 WL 1599871, at *3 (M.D. Fla. April 13, 2012), quoting Hensley, 461 U.S. at 437.

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980), and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based on a number of factors including the results obtained. Norman, 836 F.2d at 1302. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"

Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The applicant should present records detailing the amount of work performed. Once the party seeking fees produces adequate billing records, the opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at * 3 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin Cnty, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999)); Norman, 836 F. 2d at 1301.

"When awarding an attorney's fee, the '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" Oden v. Vilsack, No. 10-00212-KD-M, 2013 WL 4046456, at *4 (S.D. Ala., Aug. 9, 2013) (quoting Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)).

Formulating the award

State Farm is represented by three Carlton Fields Jorden Burt, P.A. attorneys: Benjamine Reid (a shareholder), D. Matthew Allen (a shareholder), and Jon M. Philipson (an associate). The motion calculates the time expended by each attorney and the rates charged as follows:

- Mr. Reid, the lead and most senior attorney, expended 2.8 hours, at a rate of $550 per hour, revising and finalizing the motion;
- Mr. Allen, the next most senior attorney, expended 3.0 hours, at a rate of $425 per hour, revising the motion, conferring with deponents, and conducting the good faith conference with Plaintiff's counsel;
- Mr. Philipson, the most junior attorney on the matter, expended 13.1 hours, at a rate of $270 per hour, conducting fact discovery, legal research, legal analysis of discovery requests; conferring with deponents; and drafting and revising the 16-page motion.

The motion is accompanied by Mr. Reid's declaration summarizing the considerable experience and qualifications of counsel, providing edited time entries for the work performed, and attesting that the time entries are correct and the hours were necessarily incurred (Doc. 77-1).

Plaintiff argues that preparation of the motion for protective order by three attorneys, two of whom are well-seasoned shareholders, assisted by a six year associate was overkill and – notwithstanding the success of the motion – the Court tends to agree.[1]

A review of the <u>Johnson</u> factors is illustrative. As for the time and labor required, although the motion for protective order was clearly meritorious (factor 8) it incorporated a memorandum of law which was only 2 ½ pages long. The vast majority of the motion sets

---

[1] It is important to remember that the Court is evaluating this matter in the fee shifting context. The Court recognizes that the participation of all three attorneys in the prosecution of the motion may have been exactly what State Farm expected or even demanded of its counsel. The Court also does not mean to suggest that the time claimed was not actually expended. But, in the fee shifting context, the Court must determine a reasonable amount independent of the desires/demands of the client.

- 4 -

forth the history of the dispute and frames the relatively straightforward issue of the proper scope of discovery in view of that history.

The question presented by the motion was not novel or difficult (factor 2) and the time and labor required to present that question should reflect that. Too, while all three attorneys have the skill necessary to successfully prosecute a discovery motion (factors 3 and 9), it does not usually require three lawyers (including two high level shareholders) to do so.

While the attorneys argue that they were precluded from other employment on other clients and matters "because of their involvement in this motion," (Doc. 77 at 8), this is not what is meant by the fourth <u>Johnson</u> factor. There is no showing that serving as counsel for State Farm (presumably a very desirable client), in this case precluded the firm from accepting other employment,[2] nor do I find that the representation was "undesirable" (factor 10).

As for factors 5, 6, and 11, it does not appear that the fee was contingent, and counsel represent that State Farm is a longstanding client of the firm and its legal services are provided at a rate "substantially below" the attorneys' normal billing rates. Although counsel contend that they were under time constraints to file the motion promptly (Doc. 77 at 8), that was no more so in this case than in a multitude of other discovery disputes which come before the Court.

---

[2] This <u>Johnson</u> factor "involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." <u>Johnson</u>, 488 F.2d at 718. Unless counsel were to engage in "double billing," time spent on *any* matter necessarily means that the particular amount of time spent is not available to spend on another matter. The preclusion referred to in this factor addresses a situation where, for example, the sheer amount of work required by a case precludes a lawyer from expending any time on any other case. That is not shown here.

As for the remaining factor, State Farm cites to only one other allegedly similar case - Utopia Providers Sys., Inc. v. Pao-Med Clinical Sys., L.L.C., No. 6:08-mc-79-Or1-28GJK, 2009 WL 347416, at *3 (M.D. Fla. Feb. 11, 2009) (awarding fees for a successful motion for protective order of a non-party deposition). There, a lawyer with thirty-five years of experience and one with thirty years were awarded a rate of $425 an hour to prosecute an emergency motion to quash a subpoena. A review of the papers filed in that case shows that the emergency discovery motion was more complex than that presented here, and yet counsel in that case claimed only 8.9 total hours.

After due consideration, the court finds that the facts of this case do not support State Farm's claim of 18.9 hours. The motion for protective order did not, in this Court's view, present a complex or novel dispute warranting attention from three practitioners, two of whom are highly skilled, with the third currently developing those skills.

This conclusion is buttressed by a review of the time claimed. All three attorneys expended time drafting the motion for protective order. Mr. Philipson did the lion's share, but Mr. Allen spent time "preparing motion for protective order" (November 17, 2017), "reviewing draft" (11/20), "reviewing and revising motion" (11/22), "revising motion" (11/26 and 11/27), "preparing motion" (11/28) and "revising motion" (11/30); and Mr. Reid spent over two hours to "review" and "finalize" the motion. The Court finds that the time spent reviewing each other's work was duplicative and unnecessary, considering the experience and abilities of these lawyers. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). The Court finds the total hours claimed to be unreasonable for the task at

hand. On the record presented, and after deducting a portion of the time spent reviewing and revising each other's revisions, the Court concludes that 8 hours for Mr. Philipson, 1.5 hours for Mr. Allen, and 1 hour for Mr. Reid is reasonable.

With respect to rates, a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citations omitted). State Farm is paying discounted rates for the services of its attorneys. Those discounted rates are appropriate for experienced lawyers handling similar work. Plaintiff argues that the rates charged are excessive, citing the Declaration of Kyle Sanders (Doc. 40-3),[3] and Kotchman v. State Farm Mut. Auto. Ins. Co., No. 8:15-CV-2482-T-JSS, 2017 WL 4124845, at *2 (M.D. Fla. Sept. 18, 2017) (concluding that hourly rates of $175 per hour for shareholders' time and $140 per hour for associate attorneys' time are reasonably hourly rates, in line with the prevailing market rates charged in Tampa for insurance defense work). Plaintiff also cites Martin v. Glob. Mktg. Research Servs., Inc., No. 6:14-CV-1290ORL31KRS, 2016 WL 6996118, at *3 (M.D. Fla. Nov. 30, 2016) for the proposition that a reasonable hourly rate between $200 and $350 is appropriate for class action attorneys.

The Court is not persuaded by Plaintiff's objection. This is not a typical insurance defense case and the award in Martin was for *plaintiffs'* counsel, following a class action settlement. The Court accepts counsel's representation that these are actual discounted rates for State Farm. In view of the stated and uncontradicted expertise of these counsel and the Court's own experience, it finds the rates charged for services rendered in this

---

[3] Mr. Sanders, a State Farm employee, declared that State Farm paid average hourly rates of $161.00 for associates and $178 for partners, for retained counsel hired to defend its insureds against automobile bodily injury claims.

specific case to be reasonable and within the prevailing market rate for similar services in this legal community.

Consistent with the foregoing, State Farm is awarded $ 3,347.50, calculated as follows: 8 hours at $270 per hour plus 1.5 hours at $425 per hour plus 1 hour at $550 per hour.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record