UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK AYERS,

    Plaintiff,

v.                                                        Case No: 6:17-cv-1265-Orl-37TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, RUTH MIER
GRAHAM and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.

## ORDER

For the reasons that follow, State Farm's Motion for Leave to File Summary Judgment Exhibit Under Seal (Doc. 97), is due to be denied. State Farm seeks leave of Court to file a page from its internal Claims Handing Manual, entitled "Claims Activity Processing>Retain Counsel/Company Attorney-Other than Litigation" under seal. The page is Exhibit E to State Farm's pending motion for summary judgment. Plaintiff opposes the motion (Doc. 101).

The public enjoys a qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). The right applies to all material submitted "in connection with a substantive motion," and it requires the Court to balance the interest of the parties in keeping the information confidential with the interest of the public in making it available. Id. at 1312-13. In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will

be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007).

In this district, a party seeking to file information under seal must first comply with the procedural requirements in Local Rule 1.09. The moving party must file a motion to seal, identifying and describing each item proposed for sealing. Id. The motion must also include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id.

State Farm has identified the page it wishes to seal, contends that it is an internal document not disclosed to third parties, and argues that sealing is "essential to protect State Farm's interest in preventing the dissemination of its confidential claims manual that was disclosed to the Plaintiff in discovery in this matter" (Doc. 97 at 2). State Farm contends that filing the page under seal is the only means available to permit the Court to review it without public dissemination of the information. It seeks a seal for three years, but states that if would agree to a sealing for a lesser duration.

The motion fails because State Farm has already disclosed the relevant information in its motion for summary judgment which states:

> 12. In its internal Claims Handling Manual, in a section entitled: Claims Activity Processing>Retain Counsel/Company Attorney-Other than Litigation," State Farm expressly advises its employees: "*Occasionally*, it is appropriate to retain the services of counsel for assistance with other than litigation matters." Ex. E at 1 (AYERS 00002140PROD (CONFIDENTIAL).[] The manual provides examples such as

> to "conduct examination under oath, court-approved settlements, and legal analysis of coverage opinions." Id.
>
> 13. According to the manual, to retain an attorney pre-suit, a claims specialist must get approval from a team manager, who discusses the merits of retention with the claims representative, and makes the determination. Ex. E at 1.

(Doc. 87, ¶¶ 12, 13) (Emphasis in original, footnote omitted).

State Farm's disclosure is inconsistent with its claim of confidentiality. If there is other information on the page that is confidential, then State Farm has not referred to it, even obliquely, in its motion for summary judgment. Nor has State Farm explained why any irrelevant, confidential information cannot be redacted. The motion to seal is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record